Matthias, J.
This is a proceeding in error from *372 the Public Utilities Commission. The New York Central Railroad Company filed with the Public Utilities Commission an application for a certificate of convenience and necessity to. operate motor vehicles for the transportation of freight over a regular route between Cleveland, Toledo, and Danbury, Ohio.
Upon, hearing by the commission the application was denied upon three grounds, as follows: (1) That no proper tariffs had been filed by the applicant as required by law and the rules and regulations of the commission. (2) That the evidence does, not show public necessity for the additional service proposed. (3) That the evidence does not show that the existing motor transportation companies are not rendering adequate and convenient service.
Thereafter an application for rehearing was filed, and was denied by the commission.
The contention that the finding and order of the commission is unreasonable and unlawful is based principally upon the claims: (1) That the commission should have considered the substantial economy to the railroad, and the resulting benefits to the public, which it refused to do. (2) That the commission failed to recognize that the denial of the right to transport intrastate commerce on the highways constitutes. a denial of the right to transport interstate commerce, in the light of the evidence that interstate commerce constitutes a very large percentage of the traffic handled and was not reasonably susceptible of separation from the intrastate commerce.
It is disclosed that the real basis of the applicant’s claim for a certificate is that the motortruck line which it would operate thereunder would be an aux *373 iliary to its existing railroad line between the points named. Indeed, its application is based upon the claim that its operation of such a motortruck line over such route would result in better service at an ultimately less cost to the public.
The jurisdiction of the Public Utilities Commission is conferred and defined by statute, and it possesses no authority other than that thus vested in it. City of Cincinnati v. Public Utilities Comm., 96 Ohio St., 270, 117 N. E., 381. Its entire power and authority with reference to the certification, supervision, and regulation of motor transportation companies is set forth in Section 614-85 et seq., General Code. These provisions have been considered and applied by this court in numerous cases, and it seems unnecessary to set them forth here in full or to again discuss or analyze them.
Except as to motorbus transportation lines which had been in actual operation in good faith on and prior to April 28, 1923, which were entitled to a certificate authorizing their continued operation upon the filing of an affidavit as therein provided, no motor transportation companies operating outside municipalities are permitted to commence business in this state without first obtaining from the Public Utilities Commisson of the state a certificate declaring that public convenience and necessity require such operation. Upon the filing of an application for such certificate of public convenience and necessity, the Public Utilities Commission is authorized and required to determine the questions thus presented, and in determining whether public convenience and necessity require such motor transportation service it becomes the duty of the commis *374 sion to consider whether the public which the applicant proposes to serve has or has not adequate motor transportation service.
Construing these statutes, this court has frequently held that the granting of an application for such certificate is not warranted unless it appears that the public necessity and convenience require the proposed service, and, further, that another motor transportation company, if any, holding a certificate of convenience and necessity granted it by the Public Utilities Commission, covering the same route, is not rendering adequate service, and is not able, ready, and willing to provide the additional service, if any, found to be necessary. This has been announced by this court in numerous cases, among which are the following: McLain v. Public Utilities Comm., 110 Ohio St., 1, 143 N. E., 381; Scioto Valley Ry. & Power Co. v. Public Utilities Comm., 115 Ohio St., 358, 154 N. E., 320; Stark Electric Rd. Co. v. Public Utilities Comm., 118 Ohio St., 405, 161 N. E., 208.
There is no substantial conflict in the evidence in this record, and the essential facts presented therein may be concisely stated. The route proposed by the applicant is over the public highways between Toledo and Cleveland, with branches extending to certain points therein designated, but all within the state, and only four of which are now without regular motor truck transportation service, and those need not be considered for the reason that no evidence was offered as to the necessity of such service, and, further, that the applicant indicated it would not accept a certificate for such limited service. All other points on the proposed route are served by *375 duly certified motor transportation companies so engaged since long prior to the enactment of the motor transportation law, and which operate with ample equipment and furnish efficient service not only from station to station but from store door to store door, and are able, ready, and willing to render such additional service as may be required in the territory, and also to give connecting service and enter into any joint tariffs or other proper arrangements approved by the commission for the interchange of freight such as may be required to meet the convenience and necessity of the public. Such was the finding of the Public Utilities Commission and the record fully warrants that finding. The proposed route is entirely within the state and we regard the fact that some of the freight proposed to be hauled involves interstate shipments entirely immaterial.
The statutes governing motor transportation companies, as heretofore construed and applied by this court, would therefore seem determinative and require a denial of the application. The applicant contends, however, that it presents a situation which requires a modification of the rule heretofore invariably applied in matters of this character.
The applicant in 1925 inaugurated a motor vehicle service covering practically the same route involved herein, which substantially paralleled its railroad, and continued such motor transportation service until an issue made as to such operation falling within the motor transportation law of the state was determined adversely to the applicant herein by the Public Utilities Commission and this court. N. Y. Central Rd. Co. v. Public Utilities Comm., 121 Ohio St., 588, 170 N. E., 574. It was therein found and de *376 termined that the applicant, the New York Central Railroad Company, in such operation of motor-trucks, was a motor transportation company, and was operating such line of motortrucks without authority. It was thereafter that the application now under consideration was filed by the New York Central Railroad Company, seeking a certificate authorizing it to transport by truck and trailer over the public highway between its railroad stations located at the various points designated freight received by it in both intrastate and interstate traffic, which would result in the continuance of the operation of such truck line theretofore established by it, but ordered to be discontinued, as above stated.
The applicant contends that this truck transportation service should be authorized because it is not an isolated independent operation between points named, but is rather a companion service to the service which it provides by rail, and in fact is a substitute for the local freight service formerly operated by it; further that such truck operations are confined to the movement between stations on the line of the railroad, where merchandise is received and delivered; that such operation involves no pick-up or delivery service and is thus made a mere substitute for a more costly local freight train service; further, that the proposed operation is not in competition with the business of any existing mo-tor transportation line, in that if this freight were not hauled by truck by this applicant it would be carried by its freight trains; and, further, that the major portion of the shipments handled by it are interstate shipments and cannot be readily separated from intrastate shipments.
*377 These and other arguments made by the applicant should be addressed to the Legislature rather than to the Public Utilities Commission and this court. The New York Central Railroad Company as an applicant for a certificate of convenience and necessity to operate a line of motortrucks over the highways of the state, and thereby transport freight from place to place within the state, is in no better or different situation under the statute than any other applicant for such right and privilege. Under the statute there can properly be no discrimination in its favor, just as there can be no discrimination against it. It is the duty of the commission under the statute in every ease to take into consideration other existing transportation facilities in the territory for which a certificate is sought, and where it appears from the evidence that the service furnished by existing transportation facilities is reasonably adequate the commission should refuse the application.
This case as presented is exactly the same as it would be if the application were filed by any motor-truck transportation company for a certificate covering territory fully and adequately served by duly certified operators. The test of public convenience and necessity must be applied whether1 the applicant for a certificate to transport freight over the public highways of the state is a railroad company seeking to inaugurate so-called supplemental freight service over the public highways, or an exclusively motor transportation company. The rule to be applied under existing statutes is the same and must be uniformly and universally applied and enforced. The best interests of and the most efficient services to the public do not require a greater number of mo *378 tor trucks upon the highways of the state than are necessary to supply the public need for such transportation. The public benefit and not private profit is of first and foremost importance. The interest and benefit of the applicant for or recipient of a certificate are a mere incident. The rights and interests of the public are paramount. The policy announced by the existing statutes, and frequently applied in these cases, is to preserve and protect previously certified transportation routes, not primarily for their benefit, but for the benefit of the public. The same plan, policy, and purpose have been followed in the protection and preservation of railroad transportation.
The order of the commission being in compliance with the statute is neither unlawful nor unreasonable and will therefore be affirmed.

Order affirmed.

Marshall, C. J., Jones, Allen, Kinkade and Robinson, JJ., concur.